UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL TREASURY EMPLOYEES UNION, <br><br> Plaintiff, <br><br> v. <br><br> DONALD J. TRUMP, <br> President of the United States, et al., <br><br> Defendants. | Civil Action No. 25-2990 (PLF) |

**DEFENDANTS' OBJECTION TO NOTICE OF RELATEDNESS**

Plaintiff the National Treasury Employees Union (the "Union") alleges that "it has represented bargaining unit workers at the Patents Office since 1985." Compl. (ECF No. 1). Based on that apparent connection, it challenges in this action a new Executive Order issued August 28, 2025, specifically, Executive Order 14,343, Further Exclusions from the Federal Labor-Management Relations Program (the "Further Exclusions Order"), that exempts the "Office of the Commissioner for Patents and subordinate units, Patent and Trademark Office" from the coverage of the Federal Service Labor-Management Relations Statute. The Union refers to that office in its Complaint as the "Patents Office" and alleges that the exemption of the Patents Office from that statutory coverage is ultra vires and a violation of the First Amendment. Compl. (ECF No. 1) ¶¶ 47-64.

The Union has designated this case as related to five earlier filed cases—all concerning a different Executive Order (Executive Order 14,251) issued at a different time (March 2025)—that are still pending in this Court, as well as an earlier filed case about Executive Order 14,251 pending in the United States District Court for the Northern District of California. *See* Notice (ECF No. 2)

at 2. Defendants object to the designation of this case as related to those prior cases involving a different Executive Order.[1] The Union also has designated this case as related to another recently filed case, *National Weather Service Employees Organization v. Trump*, Civ. A. No. 25-2947 (PLF) (D.D.C. Sept. 2, 2025). In *National Weather Service*, which also involves the Further Exclusions Order at issue here, the government also has objected to the designation of the case as related to those prior cases and has requested that that case be transferred to the Calendar and Case Management Committee for random reassignment pursuant to Local Civil Rule 40.5(c). *See* Obj., *Nat'l Weather Serv.*, *supra*, ECF No. 12. For reasons discussed below, the same result should apply to this case.

"The general rule governing all new cases filed in this courthouse is that they are to be randomly assigned." *Tripp v. Exec. Off. of President*, 196 F.R.D. 201, 202 (D.D.C. 2000). The random-assignment default rule "guarantees fair and equal distribution of cases to all judges, avoids public perception or appearance of favoritism in assignments, and reduces opportunities for judge-shopping." *Id*. To deviate from the default, a party must show that an exception under Local Civil Rule 40.5—which "rests primarily on considerations of judicial economy"—applies. *Tripp*, 196 F.R.D. at 202. "The party requesting the related-case designation bears the burden of showing that the cases are related[.]" *Trump v. Comm. on Ways & Means*, 391 F. Supp. 3d 93, 95 (D.D.C. 2019). Plaintiffs have not carried that burden here.

Here, Local Civil Rule 40.5(a)(3) governs. That subsection provides in relevant part that civil cases are "deemed related when the earliest is still pending on the merits in the District Court

---

[1] Undersigned counsel is appearing in this matter for purposes of responding to the notice of relatedness filed by Plaintiffs. In doing so, Defendants do not waive the requirement for formal service of the summons and Complaint or any defenses under the Federal Rules of Civil Procedure and any other applicable law.

and they (i) relate to common property, or (ii) involve common issues of fact, or (iii) grow out of the same event or transaction." LCvR 40.5(a)(3); *see also Wilderness Soc'y v. Bernhardt*, Civ. A. No. 20-1176, 2020 WL 2849635, at *1 (D.D.C. June 2, 2020).  Citing the latter two requirements of Local Civil Rule 40.5(a)(3), Plaintiff claims that this case is related to the following prior cases challenging Executive Order 14,251: (1) *National Treasury Employees Union v. Trump*, Civ. A. No. 25-0935 (PLF) (D.D.C. filed Mar. 31, 2025) ("*NTEU*"); (2) *American Foreign Service Ass'n v. Trump*, Civ. A. No. 25-1030 (PLF) (D.D.C. filed Apr. 7, 2025) ("*AFSA*"); (3) *American Federation of Government Employees v. Trump*, Civ. A. No. 25-3070 (N.D. Cal. filed Apr 03, 2025) ("*AFGE*"); (4) *Federal Education Ass'n v. Trump*, Civ. A. No. 25-1362 (PLF) (D.D.C. filed May 5, 2025) ("*FEA*"); (5) *American Federation of Labor-Congress of Industrial Organizations v. Trump*, Civ. A. No. 25-2445 (PLF) (D.D.C. filed Jul. 29, 2025) ("*AFL-CIO*"); and (6) *National Association of Agricultural Employees v. Trump*, Civ. A. No. 25-2657 (PLF) (D.D.C. filed Aug. 13, 2025) ("*NAAE*").  *See* Notice (ECF No. 2) at 1-2.[2]

But that designation is not warranted for two threshold reasons.  First, the above-listed cases challenge Executive Order 14,251 issued on March 27, 2025, whereas in this case Plaintiff challenges a new Executive Order, specifically, the Further Exclusions Order issued on August 28, 2025. Compl. (ECF No. 1) ¶ 8.  Second, the factual basis between this case and the prior cases also is distinct.  As is relevant to the instant case, the new Executive Order allegedly exempts the Patents Office from coverage of the Federal Service Labor-Management Relations Statute.

---

[2]   Plaintiff also includes *National Weather Service* in its notice.  But given the pending objection to the relatedness designation in *National Weather Service*, and the government's contention in *National Weather Service* that that case also should be randomly reassigned, the question of whether this case is related to *National Weather Service* is not currently ripe for consideration by the Court.  The relevant question is whether this case is related to the above-listed cases which concern a different Executive Order issued in March 2025.

Relying on a White House Fact Sheet issued on August 28, 2025, Plaintiff alleges that "the one function on which the President bases his exemption is misstated" and "would not be a 'primary' function of the Patents Office, in any event." Compl. (ECF No. 1) ¶ 31.  Plaintiff alleges that the Patents Office "does not . . . assess whether the release of patent applications could harm national security," alleging that determinations of patent applications under the Invention Security Act are made by defense agencies and that the initial screening for referral to those agencies is an "ancillary duty of roughly two dozen of the nearly 9,000 patent examiners."  *Id.* ¶¶ 33-34.

Thus, this case does not "grow out of the same event or transaction" as the prior cases but out of a new Executive Order that had not been issued at the time of those prior cases. *Compare AFL-CIO v. Trump*, Civ. A. No. 25-2445 (PLF), 2025 U.S. Dist. LEXIS 154587, at *8 (D.D.C. Aug. 11, 2025) (finding *AFL-CIO* to be related to the prior cases because "all of the cases 'grow out of the same event or transaction' . . . [they] each involve challenges to the *same* Executive Order in the labor-management relations and collective bargaining context, and, as a result, the *same* determination by the President that a large swath of the federal government workforce should not be covered by the FSLMRS or the related Foreign Service Labor-Management Relations Statute." (emphasis added)).

This case also does not involve "common issues of fact".  In this case, Plaintiff attempts to support its allegations based on a White House Fact Sheet issued August 28, 2025, whereas the prior cases rely on a different Fact Sheet and Office of Personnel Management ("OPM") guidance issued months earlier.  *Compare AFL-CIO*, 2025 U.S. Dist. LEXIS 154587, at *9 (finding *AFL-CIO* to "involve very similar sets of facts" to the prior cases because the "cases essentially rely on the same evidence," namely the earlier Fact Sheet and OPM guidance).

The situation here is analogous to *Jenner & Block v. Department of Justice*, Civ. A. No. 25-0916 (BAH), 2025 WL 942426 (D.D.C. Mar. 28, 2025), where the Court deemed unrelated under Local Civil Rule 40.5(a)(3) two cases that challenged different Executive Orders that allegedly "targeted" different law firms in "similar ways" but that were alleged to be "punitive" for reasons that did not entirely overlap. *Id.* at *1. The Court found the cases unrelated because, although they "both challenge[d] Executive Orders carrying similar punitive measures and thereby raise[d] similar questions of law, strict adherence to the normal process of random case assignment is crucial to ensure 'fair and equal distribution of cases to all judges, avoid[ ] public perception or appearance of favoritism in assignments, and reduce[ ] opportunities for judge-shopping,' . . . and the reasons given to justify these orders do not involve the same underlying events or facts in the way contemplated by LCvR 40.5(a)(3)." *Id.* at *2. That analysis applies equally here.

As in *Jenner & Block*, to the extent there is overlap between this case and the earlier-filed cases, it is in the legal claims asserted (ultra vires and a constitutional violation) which raise the question of whether the President exceeded the authority conferred on him by statute to exclude agencies, or agency subdivisions, from labor relations statutes after making certain determinations under the applicable statutes. *See* Exec. Order 14,251, 90 Fed. Reg. 14,553 (Mar. 27, 2025) (citing 5 U.S.C. § 7103(b)(1)) and 22 U.S.C. § 4103(b)); *see also Am. Foreign Serv. Ass'n v. Trump*, No. 25-5184, 2025 U.S. App. LEXIS 15297, at *3-4 (D.C. Cir. June 20, 2025). But that type of overlap is insufficient to satisfy the applicable local rule, which "does not make cases related if they 'involve common issues of law,' only 'common issues of fact.'" *G.Y.J.P. v. Wolf,* Civ. A. No. 20-1511 (TNM), 2020 U.S. Dist. LEXIS 129513, at *3-4 (D.D.C. July 21, 2020).

To the extent there are overlapping background facts between this case and the prior cases, Local Civil Rule 40.5 "offers no guidance about how much factual overlap is needed, how similar

the underlying facts must be, or what constitutes an event" to warrant a relatedness determination. *Ways & Means,* 391 F. Supp. 3d at 96. As in *Ways & Means*, this case may be considered related in the "colloquial[]" sense but the standard under Local Civil Rule 40.5 is far more strict. Because "[s]crupulous adherence to Local Rule 40.5 is important . . . particularly . . . in high-profile, political cases," the Court in *Ways & Means* ultimately assessed the question to be whether the Court could "foresee a significant savings of judicial resources in keeping both cases assigned to the same judge." *Id.* at 97. Because the Court could not, whatever superficial relatedness the cases might have had was insufficient. *See id.*

In assessing relatedness from the standpoint of judicial economy, it is important to consider the likely course that this case will follow. The cases cited in Plaintiff's Notice involving Executive Order 14,251 have followed a similar pattern in that the plaintiffs in those cases moved for a preliminary injunction in which they presented to the Court facts specific to themselves attempting to satisfy the applicable standard. *See Nat'l Treasury Emps. Union v. Trump,* No. 25-5157, 2025 U.S. App. LEXIS 11952, at *2-3 (D.C. Cir. May 16, 2025). Although Plaintiff here has not yet filed a preliminary injunction motion in this case, its Complaint seeks injunctive relief, Compl. (ECF No. 1) at 16, and so Plaintiff can be expected to follow suit. And, to the extent facts are presented by Plaintiff to try to satisfy the applicable standard were a motion for preliminary injunction to be filed, those facts necessarily will differ from those presented in the prior cases involving Executive Order 14,251.

Accordingly, the interests of judicial economy counsel against carving out an exception to the random assignment rule in this case. The Plaintiff here challenges a different Executive Order based on different alleged evidence. Plaintiff thus is no more prejudiced by a random assignment of their case than the typical plaintiff who files a case in this district. "Though the goal of each

Plaintiff [may be] the same[,]. . . sharing the same litigation purpose is not enough to make the cases related." *G.Y.J.P.*, 2020 U.S. Dist. LEXIS 129513, at *5. Thus, to allow Plaintiff to bypass the random case assignment rule would allow any case that cites Executive Order 14,251 as a background fact to be deemed "related," contrary to the required strict adherence to the rule. For that reason, and because judicial resources will not be conserved by deeming this case related to those identified in Plaintiff's Notice that challenge Executive Order 14,251, this case should be transferred to the Calendar and Case Management Committee for reassignment.

For the foregoing reasons, the Court should affirm Defendants' objection to Plaintiff's related case Notice and transfer the case for random reassignment pursuant to Local Civil Rule 40.5(c).

Dated: September 24, 2025

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

BRIAN P. HUDAK, D.C. Bar #90034769
Chief, Civil Division

By: _____/s/ Jeremy S. Simon_____
JEREMY S. SIMON, D.C. Bar #447956
Assistant United States Attorney
601 D. Street, N.W.
Washington, D.C. 20530
(202) 252-2528
Jeremy.Simon@usdoj.gov

*Attorneys for the United States of America*